UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FRANK KIM,

                          Petitioner,                    25-mc-577 (JGK)

          - against -                                    ORDER

BTG PACTUAL ASSET MANAGEMENT US,
LLC, ET AL.,

                          Respondents.

---

JOHN G. KOELTL, District Judge:

On December 15, 2025, the petitioner, Frank Kim, moved for leave to file this action under seal. ECF No. 1. On December 19, the Court provisionally granted Mr. Kim's motion and sealed the action but instructed him to show cause to keep the action under seal by December 26, 2025. ECF No. 11. Mr. Kim failed to show cause, and therefore the Court ordered the action unsealed on December 29, 2025. ECF No. 16.

On December 30, 2025, the respondents separately moved to reseal this action. ECF No. 12. According to the respondents, the petitioner's papers in support of his motion to vacate an arbitral award refer to materials covered by a confidentiality agreement executed pursuant to the underlying arbitration. Id. In the alternative, the respondents seek to seal their response in opposition to the petition to vacate the arbitral award along with the accompanying declaration and exhibits.

In general, "[a] presumption of public access applies to 'judicial documents,' which are documents 'relevant to the per-

formance of the judicial function and useful in the judicial process.'" Bristol-Meyers Squibb Co. v. Novartis Pharma AG, No. 22-mc-124, 2022 WL 1443319, at *1 (S.D.N.Y. May 6, 2022) (quoting Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006)). "Petitions to confirm, vacate, or modify arbitration awards, their memoranda of law, and supporting documents, including exhibits in support ... are 'judicial documents that directly affect[] the Court's adjudication' of the petition ... [and] are, therefore, subject to a 'strong presumption of public access.'" Whittaker v. MHR Fund Mgmt. LLC, No. 20-cv-7599, 2021 WL 4441524, at *2 (S.D.N.Y. Sept. 28, 2021) (first quoting Alexandria Real Est. Equities, Inc. v. Fair, No. 11-cv-3694, 2011 WL 6015646, at *2 (S.D.N.Y. Nov. 30, 2011); then quoting Susquehanna Int'l Grp. Ltd. v. Hibernia Exp. (Ireland) Ltd., No. 21-cv-207, 2021 WL 3540221 at *3 (S.D.N.Y. Aug. 11, 2021)).

Judicial documents may nonetheless "be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Lugosch, 435 F.3d at 120. "Confidentiality agreements alone are not an adequate basis for sealing ...." Bristol-Meyers Squibb, 2022 WL 1443319, at *1; see also Bernsten v. O'Reilly, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018) ("Courts in this district have long held that bargained-for confidential-

ity does not overcome the presumption of access to judicial documents.") (collecting cases); First State Ins. v. Nat'l Cas. Co., No. 13-cv-704, 2013 WL 8675930, at *1 (S.D.N.Y. Feb. 19, 2013) (denying motion to seal documents submitted in connection with a petition to confirm an arbitration award, because "[t]he assertion that disclosure violates a separate confidentiality order is insufficient").

The respondents in this case argue that they have shown good cause to seal this action because "Mr. Kim is seeking to vacate an award entered in a confidential AAA arbitration." Resps.' Mot. to Seal 2. They cite the Court of Appeals's recent decision in Stafford v. International Business Machines Corp., 78 F.4th 62 (2d Cir. 2023), which reversed a district court's order denying a motion to seal arbitral materials subject to a confidentiality agreement. But in that case, unlike in this one, the petitioner was openly seeking to use post-arbitration litigation to circumvent the confidentiality agreement — "[h]er stated purpose ... was to enable her counsel to use the award in the litigation of ADEA claims of other former IBM employees." Id. at 71. "[A]llowing unsealing under such circumstances would create a legal loophole allowing parties to evade confidentiality agreements simply by attaching documents to court filings." Id. The "presumption of access to judicial documents" was outweighed in Stafford not only by "the interest in

3

confidentiality," which is insufficient on its own to seal judicial documents, but also "because [the petitioner's] apparent purpose in filing the materials publicly [wa]s to launder their confidentiality through litigation." Id. No one argues that the petitioner is trying to do that here. In fact, it was the petitioner who originally moved to file this action under seal.

The respondents request in the alternative that the Court permanently seal their memorandum of law in opposition to the petition to vacate. The respondents acknowledge "that, as a responsive pleading, the Opposition and supporting documents are judicial documents entitled to some presumption of access," but insist that they should nevertheless be sealed "to maintain the parties' expectation of confidentiality." Resps.' Mot. to Seal 3. But again, a confidentiality agreement, by itself, is insufficient to seal a judicial document.

4

The Court has considered all the arguments raised by the parties. If any argument was not specifically addressed above, it is either moot or without merit. For the foregoing reasons, the respondents' motion to seal is **denied** without prejudice to any specific showing of the need for confidentiality for any specific items.

The Clerk is directed to close ECF No. 12.

**SO ORDERED.**
**Dated:**     **New York, New York**
              **January 5, 2026**

John G. Koeltl
**United States District Judge**

5