UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------

FRANK KIM,

                    Petitioner,

          - against -

BTG PACTUAL ASSET MANAGEMENT US,
LLC, ET AL.,

                    Respondents.

------------------------------------

25-mc-577 (JGK)

ORDER

JOHN G. KOELTL, District Judge:

On December 15, 2025, the petitioner, Frank Kim, sought leave to file this action under seal. ECF No. 1. On December 19, the Court provisionally granted Mr. Kim's motion and sealed the action but instructed him to show cause to keep the action under seal by December 26, 2025. ECF No. 11. Mr. Kim failed to show cause, and therefore the Court ordered the action unsealed on December 29, 2025. ECF No. 16. On December 30, 2025, the respondents separately moved to reseal this action, largely for the reason Mr. Kim identified in his original motion — that the materials filed in the underlying arbitration were subject to a confidentiality agreement. ECF No. 12. The Court denied the respondents' motion without prejudice on January 5, 2026, because a confidentiality agreement, without more, cannot justify sealing judicial documents. ECF No. 17.

On January 12, 2026, Mr. Kim sent the Court a cover letter belatedly seeking to show good cause to seal this action. Mr. Kim attached to that letter his original emergency motion

for leave to file under seal and the underlying confidentiality agreement. Mr. Kim's cover letter and the accompanying documents, which he did not file through the Court's electronic filing system, are attached to this Order.

Mr. Kim's belated request to show good cause for sealing is functionally a motion for reconsideration of the Court's January 5 Order. Because Mr. Kim is a pro se litigant, the Court must interpret his submissions, including motions for reconsideration, "to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). Even so, a motion "for reconsideration is not granted 'unless the moving party can point to controlling decisions or data that the court overlooked.'" Joseph v. Beth Israel Med. Ctr., No. 13-cv-2961, 2015 WL 851987, at *2 (E.D.N.Y. Feb. 26, 2015) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)).

Mr. Kim fails to explain why reconsideration of the Court's January 5 Order is warranted. His latest filing merely recites the same reasons he and the respondents raised in supporting of sealing in their previous filings. And in any event, those reasons are unpersuasive: as the Court explained in its January 5 Order denying the respondents' motion to seal, a confidentiality agreement, without more, does not justify sealing judicial documents. Mr. Kim's motion is therefore **denied** without prejudice to

2

any later tailored showing of the need for confidentiality for any specific items.

The Clerk is respectfully directed to close this miscellaneous action. The Clerk is further directed to open a new public civil action for the underlying petition to vacate and all accompanying papers currently filed in connection with that petition under this miscellaneous case caption — specifically, ECF Nos. 1, 2, 6, 8, 13, 14, and 15.

**SO ORDERED.**
**Dated:**      **New York, New York**
              **January 13, 2026**

                                        John G. Koeltl
                              **United States District Judge**

Frank Kim
12819 SE 38TH ST, #564
Bellevue, WA 98006
Phone: 646-470-8150
Email: frank.kim@nyu.edu

January 12, 2026

Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: Kim v. BTG – Case No. 1:25-mc-00577-JGK Seal Request**

Dear Judge Koeltl:

I respectfully submit this letter regarding the Court's order dated December 19, 2025, requesting an explanation for why this case should remain under seal. I apologize for missing the deadline to respond. The delay occurred because I was traveling internationally for the holidays with limited access to email, and I also experienced health issues that further impacted my ability to respond promptly.

I believe sealing remains appropriate based on the attached, previously filed Confidentiality Agreement ("Exhibit A") and the Emergency Motion for Leave to File Case Under Seal. I respectfully request that the Court reconsider its decision and allow the case to remain under seal.

Thank you for your consideration, and I apologize again for any inconvenience caused by the delay. Please let me know if the Court requires any additional information.

Respectfully,

/s/ Frank Kim

Frank Kim

IN THE UNITED STATES COURT
SOUTHERN DISTRICT OF NEW YORK

FRANK KIM,

            *Petitioner,*

v.

BTG PACTUAL ASSET
MANAGEMENT US, LLC;
ANASTASIOS ARGEROS;
CYRIL DELAPRAZ;
MICHAEL GRANT; JACK
MCCLEARY; WILLIAM ROSE,

            *Respondents.*

**EMERGENCY MOTION FOR
LEAVE TO FILE CASE UNDER
SEAL**

Petitioner Frank Kim, pursuant to the requirements of the Confidentiality Agreement entered into between the parties on November 22, 2023, and in compliance with FRCP Rule 5.2 and SDNY Section 6 of ECF Rules, respectfully moves this Court for (1) entry of an order granting leave to file under seal a Petition to Vacate Arbitration Award, Affidavit of Petitioner Frank Kim, and Exhibits in support thereof, or in the alternative (2) a temporary order granting relief until such time as the matter may be heard. This unopposed motion is brought on an emergency basis to meet Petitioner's December 16, 2025, deadline to move to vacate the arbitration award pursuant to the Federal Arbitration Act. A copy of the Confidentiality Agreement is attached as **Exhibit A.**

Dated: December 15, 2025
Bellevue, WA

_____
*Petitioner*
*Frank Kim*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 15, 2025, a copy of the foregoing Emergency Motion for Leave to File Under Seal, Affidavit, and Proposed Order were emailed to Pro_Se_Filing@nysd.uscourts.gov and filed through with assistance from the Court's Pro Se Filing Help Desk via NYCEF, and that a true and correct copy of all documents were served electronically on Counsel for all Respondents (Jaqueline Stykes at Quinn Emmanuel, 51 Madison Avenue, 22nd Floor, New York NY 10010) and by Respondents' consent at: jacquelinestykes@quinnemanuel.com.

*/s/ Frank Kim*

\

# Exhibit A

**AMERICAN ARBITRATION ASSOCIATION**

|  |  |
|---|---|
| BTG PACTUAL ASSET MANAGEMENT US, LLC; ANASTASIOS ARGEROS; CYRIL DELAPRAZ; MICHAEL GRANT; JACK MCCLEARY, AND WILLIAM ROSE, <br><br> *Claimants-Counterclaim Respondents,* <br><br> vs. <br><br> FRANK KIM, <br><br> *Respondent-Counterclaim Claimant.* | AAA No.: 01-23-0002-1570 |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

### 1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this arbitration are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this arbitration may be warranted. Accordingly, the parties hereby stipulate to and petition the Arbitrator to enter the following Stipulated Protective Order (the "Order") pursuant to R-23 of AAA's Employment Arbitration Rules.

### 2.    DEFINITIONS

2.1    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items:

   a. Medical or mental health records;

   b. Sensitive information (regardless of how it is generated, stored or maintained) or tangible things that are non-public or otherwise qualify for protection under applicable New York law, or any other applicable rule.

1

2.3    Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated (a) in disclosures or responses to discovery in this matter, whether by a Party or a Non-Party; (b) pursuant to any Order or direction of the Arbitrator; or (c) pursuant to any agreement of the Parties, or by a Non-Party with the Parties, or with any Party.

2.6    Expert:  a person with specialized knowledge or experience in a matter pertinent to the arbitration who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this arbitration.

2.7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  Reserved for extraordinary circumstances, extremely sensitive "Confidential" information or items, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8    House Counsel:  attorneys who are employees of a party to this arbitration.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this arbitration.

2

2.10    Outside Counsel of Record:    attorneys who are not employees of a party to this arbitration but are retained to represent or advise a party to this arbitration and have appeared in this arbitration on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11    Party:    any party to this Arbitration, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

2.12    Proceeding:    the above-captioned proceeding *BTG Pactual Asset Management US, LLC, et al. v. Frank Kim* (AAA Case No. 01-23-0002-1570).

2.13    Producing Party:    a Party or Non-Party that produces Disclosure or Discovery Material in this arbitration.

2.14    Professional Vendors:    persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    Protected Material:    any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16    Receiving Party:    a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the

3

protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

4.    DURATION

Even after final disposition of this arbitration, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or an Arbitrator's order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this arbitration, with or without prejudice; and (2) final award herein after the completion and exhaustion of all proceedings to confirm or vacate an award, and any appeals, rehearings, remands, trials, or reviews of this arbitration, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Manner and Timing of Designations. Except as otherwise provided in this Order (*see*, e.g., second paragraph of section 5.1(a) below, and second paragraph of section 5.1(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated at the time the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pre-arbitration or arbitration proceedings), that

4

the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material.

(b)    a Party who requests designation of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (available in extraordinary circumstances), may at any time before the hearing in this Proceeding serve upon counsel for the Receiving Party a written notice stating with particularity the grounds of the request. If the Parties cannot reach an agreement promptly, counsel for all affected Parties will address their dispute to the Arbitrator.

(c)    for testimony given in deposition or in other pre-arbitration proceedings, that the Designating Party identify on the record, before the close of the deposition or other pre-hearing proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, or other proceeding is concluded) a right to have up to twenty one (21) days after the final (non-rough) deposition transcript is received by

5

the Designating Party or its counsel, to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted by notifying all Parties of the transcript page(s) and line number(s) so designated. If the deposition testimony is also preserved by video, the physical media (e.g., videocassette or DVD) shall also be properly marked.

(d)    for hearing testimony, the Designating Party may request that the Arbitrator designate, before the close of the hearing or within twenty one (21) days thereafter, a part of the testimony "CONFIDENTIAL."

(e)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."

5.2    Inadvertent Failures to Designate. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon learning of the inadvertent failure to designate such material, the Designating Party must give written notice to all parties that it claims that the material is or contains CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material. Upon such notice, the Producing Party shall provide all parties who have received a copy of such materials with a replacement copy marked with the appropriate designation. The Receiving Parties must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order and all parties shall promptly destroy or return to the Producing Party the unmarked copy of the material.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

6

designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the arbitration, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.   The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 7 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Arbitrator Intervention.  If the Parties cannot resolve a challenge without Arbitrator intervention, the Challenging Party shall move for an order requiring de-designation or re-designation.

Unless and until the Designating Party has waived the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Arbitrator rules on the challenge.

7

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this arbitration.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the arbitration has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Arbitrator or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this arbitration, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this arbitration;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this arbitration;

(c)    Experts (as defined in this Order) and vendors of the Receiving Party to whom disclosure is reasonably necessary for this arbitration and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the Arbitrator and their personnel;

(e)    the AAA case manager and other AAA employees as is reasonably necessary;

8

(f)      witnesses in deposition or at the merits hearing to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), but only during or in discussion of testimony by such persons and in connection with preparation therefor;

(g)      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(h)      Mock jury participants, provided, however, that prior to the disclosure of "CONFIDENTIAL" Information to any such mock jury participant, counsel for the party making the disclosure shall deliver a copy of this Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

(i)      The persons identified in paragraph 7.2(a)-(h) shall, prior to obtaining access to "CONFIDENTIAL" Information, (i) be informed of the existence and terms of this Order, and (ii) be instructed that they are bound by its terms.

7.3      Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the Arbitrator or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to the persons identified in section 7.2(a), (c), (d), (e), (g) and (h); and to House Counsel in 7.2(b).  The persons identified in those paragraphs shall, prior to obtaining access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information, (i) be informed of the existence and terms of this Order, and (ii) be instructed that they are bound by its terms.

9

7.4     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION OR REQUESTED BY A GOVERNMENT AGENCY

If a Party is served with a subpoena or a court order issued in other litigation or a government request that compels disclosure of any information or items designated in this arbitration as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a)     within seven (7) days of the request, notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     within seven (7) days of the request, notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order.  Such notification shall include a copy of this Order; and

(c)     reasonably cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this arbitration as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection of its confidential material in court or other forum or government agency which issued the subpoena or request – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this arbitration to disobey a lawful directive from another forum or government agency.

10

7.5. <u>USE AT HEARING</u>.

Any information or items designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be offered and received into evidence at the hearing in this Proceeding. A Party or Non-Party does not thereby waive the right to object to the admissibility of the material in any proceeding, including the hearing in this Proceeding. Any Party or Non-Party may request that the Arbitrator issue an order that any information or items designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" be reviewed *in camera* or under other conditions to prevent unnecessary disclosure.

8.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A, and (e) request such person or persons destroy any copies of the Protected Material in their possession.

9.    <u>INADVERTENT PRODUCTION</u>

The inadvertent disclosure of material that is subject to a claim of privilege or protection as attorney-client privilege, attorney work-product, arbitration-preparation material, joint defense or common interest material, or other claim of privilege ("Privileged Material"), or material that reflects confidential and non-responsive third-party information, shall be without prejudice to any claim that such item is Privileged Material or confidential and nonresponsive third-party

11

information, and such Party shall not be held to have waived any rights by such inadvertent production. The Parties shall adhere to the following procedures for such materials produced in discovery in this arbitration by both Parties and Non-Parties.

9.1     If a Receiving Party discovers material produced to it by a Party or Non-Party in this arbitration that the Receiving Party reasonably believes constitutes Privileged Material the Receiving Party shall promptly notify the Producing Party in writing, together with a copy of the material or Bates numbers, segregate that material (or the privileged, protected, or confidential portion), refrain from using or further disclosing that material, and make reasonable efforts to retrieve all copies of and prevent the further disclosure of the material, until it receives a response from the Producing Party or the passage of five (5) business days, whichever is earlier.

9.2     If a Producing Party determines that it has disclosed Privileged Material or confidential and nonresponsive third-party information or materials to another Party, it shall promptly notify the Receiving Party in writing together with the Bates numbers, and the Receiving Party shall segregate that material (or the privileged, protected, or confidential portion), refrain from using or further disclosing that material, and make reasonable efforts to retrieve all copies of and prevent the further disclosure of the material and adhere to the procedures outlined in section 9.1 and 9.3.

9.3     Once a Producing Party notifies recipients of the production of Privileged Material, or confidential and nonresponsive third-party information, and demands the return or destruction of such materials, all recipients shall within five (5) business days confirm the destruction or return of such materials, including removing from any document databases any copies of such materials and taking any necessary steps related to any person who have been provided such materials. To the extent any Receiving Party in possession of the material disagrees with the assertion of

12

privilege or protection, such Receiving Party shall nonetheless return or destroy all copies, or alternatively, notify the Producing Party of the disagreement within five (5) business days of the notice by the Producing Party, and, within fourteen (14) days thereafter, present the information to the Arbitrator under seal for a determination of the claim.

9.4    The Parties stipulate and agree that there is a risk that, despite the exercise of reasonable steps to prevent disclosure, Privileged Material, or confidential and nonresponsive third-party information may be produced. Nothing herein shall be deemed to waive any applicable privilege, work product, or other protections, or to affect the ability of a Party or Non-Party to seek relief for an inadvertent disclosure of such materials. If a Producing Party determines that it has disclosed Privileged Material, or confidential and nonresponsive third-party information or materials to another Party, it shall promptly notify the Receiving Party in writing, and the Receiving Party shall adhere to the procedures outlined in section 9.1 and 9.3 above.

9.5    No disclosure, production, or exchange of documents, information, or testimony, whether undesignated or designated as Confidential, in this arbitration shall constitute a waiver or forfeiture of any applicable privilege, protection, or immunity in this or any other federal, state, or administrative proceeding under any circumstances. The mere production of Privileged Material in this arbitration as part of document production is not itself a waiver or forfeiture in this arbitration or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed, including against deeming any waiver of privilege in this arbitration a waiver of privilege for purposes of any other federal or state proceeding.

10.    MISCELLANEOUS

10.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Arbitrator in the future.

13

10.2     Right to Assert Other Objections. By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

10.3     Filing Protected Material. Without written permission from the Designating Party or a properly obtained court or Arbitrator order secured after appropriate notice to all interested persons, a Party may not file in the public record any Protected Material from this arbitration. Protected Material may only be publicly filed under seal pursuant to proper court sealing procedures. Nothing in this section shall be construed to mean that Protected Material may be used outside the context of this arbitration without the permission of the Designating Party or an order from the Arbitrator or court.

11.     FINAL DISPOSITION

Within 60 days after the final disposition of this arbitration, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel of Record are entitled to retain an archival copy of all pleadings, motion papers, arbitration, deposition, and hearing

14

transcripts, legal memoranda, correspondence, deposition and arbitration exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4. This paragraph shall not apply to the Arbitrator or the AAA; the Arbitrator and the AAA shall maintain confidentiality pursuant to AAA Rules.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


QUINN EMANUEL URQUHART &           OUTTEN & GOLDEN LLP
SULLIVAN, LLP


By: _____       By: _____ /Aliaksandra Ramanenka
Date: November 22, 2023             Date:    November 22, 2023
    Jennifer J. Barrett                 Gregory Chiarello
    Jacqueline Stykes                   Aliaksandra Ramanenka
    Rebecca Arno                        Kendall Onyendu
    51 Madison Avenue, Floor 22         685 Third Avenue, 25th Floor
    New York, NY 10010                  New York, New York 10017
    Tel: (212) 849-7000                 Tel: (212) 245-1000


    *Counsel for Claimants-Counterclaim*   *Counsel for Respondent-Counterclaim*
    *Respondents*                          *Claimant*


PURSUANT TO STIPULATION, IT IS SO ORDERED.


Dated: _____    _____

15

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the Arbitrator in the matter of *BTG Pactual Asset Management US, LLC, et al. v. Frank Kim*.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of AAA for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this arbitration.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

16